**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 11 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DUANE E. BROOKS,

   Plaintiff - Appellant,

  v.

JERRY NICHOLS, Officer,

   Defendant - Appellee.

No. 96-1265
(D. Ct. No. 96-S-127)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before TACHA, BALDOCK, and LUCERO, Circuit Judges.

   After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

   This appeal is from an order of the district court dismissing pro se petitioner's complaint brought pursuant to 42 U.S.C. § 1983 (1994) and 18 U.S.C. §§ 241-242 (1969) as legally frivolous under 28 U.S.C. § 1915(e)(2)(B)(I) and for

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

failure to state a claim upon which relief may be granted pursuant to § 1915(e)(2)(B)(ii). Petitioner appeals on the ground that the district court erred in failing to find that petitioner's constitutional rights were denied by Officer Jerry Nichols because of his alleged lack of qualifications and licensing to utilize bloodhounds in law enforcement activities. We affirm.

In his pro se complaint Mr. Brooks alleges that his constitutional rights were violated by Officer Nichols during a burglary in progress at a location in Aurora, Colorado. On appeal, he alleges that Officer Nichols was not licensed, certified, or qualified to handle bloodhounds and that various supervisory officials and governmental entities failed to adequately train, supervise, and control individual police officers in the handling of bloodhounds. He alleges gross negligence and reckless conduct on behalf of Officer Nichols and the lack of police policy for training and development of employees.

We construe Mr. Brooks' complaint liberally because he represents himself. Haines v. Kerner, 404 U.S. 519 (1972). After a lengthy delay, Mr. Brooks has complied with the filing fee requirements of 28 U.S.C. § 1915 (1994) as amended by the Prison Litigation Reform Act of 1996, Pub. L. No. 104-34, 110 Stat. 1321 (1996). Even construing the complaint liberally, we agree with the district court that Mr. Brooks has failed entirely to state a claim upon which relief can be granted and find further that the complaint is legally frivolous under 28 U.S.C. §

1915(e). Just as he did in the district court, Mr. Brooks fails to show what his involvement in the incident in question was and provides only vague and conclusory assertions about the alleged violations of constitutional rights. We affirm the order of the district court for substantially the reasons given by the district court in its order dated May 22, 1996 dismissing this action. AFFIRMED.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge